STATE OF NEW JERSEY, DEFENDANT IN ERROR. v. NICHOLAS A. CIOFFE AND ALFRED F. DUGGAN, PLAINTIFFS IN ERROR.

Submitted February 13, 1943—Decided April 29, 1943.

For the state, *John J. Quinn*, Prosecutor of the Pleas for the County of Monmouth.

For the prosecutors of the writs, *Milton Rosenblum*.

PER CURIAM.

The judgment under review should be affirmed and for the reasons expressed in the opinion delivered by the Chief Justice in the Supreme Court subject to the observations here noted:

On the question of double jeopardy we emphasize that the federal offense for which the defendants were indicted, tried and acquitted and the state offense upon which they were indicted, tried and convicted are distinct crimes. The federal indictment was under a statute of the United States which makes it a crime to feloniously take or attempt to take property, money or other thing of value which belongs to or is in the custody of a banking institution organized or operating under the laws of the United States or any insured bank as therein defined and also makes it a crime to perpetrate an assault in committing or attempting to commit such a taking. U. S. Code Title 12 section 588 A and B. The state indictment was under a statute of the State of New Jersey which makes it a crime to forcibly take from another money or goods of any value by violence or putting him in fear. *R. S.* 2:166-1. The federal statute is directed toward an offense against the banking system and the state statute is directed toward the offense, generally, of robbery.

The prosecuting attorney, in his summing up, did not give the jury to understand that his belief in the guilt of the defendants was based on anything outside of the testimony; and the opinion of the Supreme Court at the bottom of page 354, correctly read, does not intimate otherwise.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.